IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| IN RE: IOWA READY-MIX CONCRETE ANTITRUST LITIGATION | No. 5:10-CV-04038-MWB (CONSOLIDATED CASES) |

**ORDER APPROVING ALLIANCE/GREAT LAKES
SETTLEMENT AND FINAL JUDGMENT**

WHEREAS, Plaintiff Brown Commercial Construction, Inc. ("Plaintiff"), by Co-Lead Counsel, and Defendants Great Lakes Concrete, Inc. ("Great Lakes"), Kent Robert Stewart ("Stewart"), GCC Alliance Concrete, Inc. ("GCC Alliance"), Steven Keith VandeBrake ("VandeBrake"), and VS Holding Company, f/k/a Alliance Concrete, Inc. ("VS Holding") (collectively, "Alliance/Great Lakes Class Settling Defendants") by counsel, entered into the "Settlement Agreement with Great Lakes Concrete, Inc., Kent Robert Stewart, GCC Alliance Concrete, Inc., Steven Keith VandeBrake, and VS Holding Company, f/k/a Alliance Concrete, Inc." dated July 8, 2011 ("Alliance/Great Lakes Settlement"); and

WHEREAS, the Plaintiff and the Alliance/Great Lakes Class Settling Defendants applied pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") for an order certifying a Class for settlement purposes, preliminarily approving the proposed Alliance/Great Lakes Settlement and preliminarily approving the form and plan of notice as set forth in the Settlement;

WHEREAS, on July 25, 2011, pursuant to 28 U.S.C. § 1715, the Alliance/Great Lakes Class Settling Defendants notified the United States Attorney General and the Attorneys General of the 18 states where the settlement class members may reside of the proposed Alliance/Great Lakes Settlement, and more than 90 days have passed since that notice was given and entry of this Order;

WHEREAS, on July 20, 2011, the Court provisionally ordered that this Action may be settled as a class action on behalf of the following class (the "Alliance/Great Lakes Settlement Class"):

> All persons or entities who purchased Ready-Mix Concrete from January 1, 2006 through December 31, 2009 directly from the Hartley, Lake Park, Sanborn, Sibley, and Spencer Plants that Alliance Concrete owned until January 14, 2008 and that GCC Alliance has owned since that date, and the Great Lakes Ocheyden, Milford, Spencer, and Spirit Lake plants, but excluding federal government entities, Defendants named in the Second Amended Consolidated Class Action Complaint and their co-conspirators and respective predecessors, parents, subsidiaries, and affiliates.

WHEREAS, on July 20, 2011 the Court entered an order certifying the Alliance/Great Lakes Settlement Class for purposes of settlement, preliminarily approving the Settlement, approving the forms of notice of the Settlement to Class Members, directing that appropriate notice of the Alliance/Great Lakes Settlement be given to Class Members, and scheduling a hearing on final approval (the "Preliminary Approval Order");

WHEREAS, in accordance with the Alliance/Great Lakes Settlement Agreement and the Preliminary Approval Order: (1) on August 19, 2011, Class Counsel caused the Notice of Alliance/Great Lakes Class Action Settlement and Hearing in the form attached to the Alliance/Great Lakes Settlement as Exhibit "A" ("Mailed Notice") to be mailed by United States First Class Mail to all known members of the Alliance/Great Lakes Settlement Class, and caused the Published Notice in the form attached to the Alliance/Great Lakes Settlement as Exhibit "B" to be published in: (i) the *Sioux City Journal* on Friday August 19, 2011, and August 26, 2011, (ii) the *Spirit Lake Dickinson Co. News* on Wednesday, August 17, 2011, and August 24, 2011, (iii) the *Sibley Osceola Co. Gazette-Tribune* on Wednesday, August 17, 2011, and August 24, 2011, (iv) the *Spencer Daily Reporter* on Thursday August 18, 2011, and August 25, 2011, and (v) the *Sheldon Northwest Iowa Review* on Saturday August 20, 2011, and

August 27, 2011; and (2) the Affidavit of Notice filed with this Court by Class Counsel demonstrates compliance with the Preliminary Approval Order with respect to the Mailed Notice and the Published Notice and, further, that the best notice practicable under the circumstances was, in fact, given;

WHEREAS, on November 1, 2011, at 9:00 a.m., this Court held a hearing on whether the Alliance/Great Lakes Settlement is fair, reasonable, adequate and in the best interests of the Alliance/Great Lakes Settlement Class (the "Fairness Hearing"); and

WHEREAS, based upon the foregoing, having heard the statements of counsel for the Plaintiffs and the Alliance/Great Lakes Class Settling Defendants, and of such persons as chose to appear at the Fairness Hearing; having considered all of the files, records and proceedings in the Action, the benefits to the Alliance/Great Lakes Settlement Class under the Alliance/Great Lakes Settlement and the risks, complexity, expense and probable duration of further litigation; and being fully advised in the premises;

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that:**

1.  Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the "Settlement Agreement with Great Lakes Concrete, Inc., Kent Robert Stewart, GCC Alliance Concrete, Inc., Steven Keith VandeBrake, and VS Holding Company, f/k/a Alliance Concrete, Inc."

2.  This Court has jurisdiction of the subject matter of this Action and jurisdiction of the Plaintiff and Defendants in the above-captioned case (the "Parties").

3.  The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

4. The Plaintiffs and Class Counsel fairly and adequately represent the interests of the Settlement Class in connection with the Settlement.

5. The Alliance/Great Lakes Settlement is the product of good faith, arm's-length negotiations by the Plaintiff and Class Counsel, and the Alliance/Great Lakes Class Settling Defendants and their counsel, and the Alliance/Great Lakes Settlement Class and the Alliance/Great Lakes Class Settling Defendants, were represented by capable and experienced counsel.

6. The form, content and method of dissemination of the notice given to members of the Alliance/Great Lakes Settlement Class, including both published notice and individual notice to all members of the Alliance/Great Lakes Settlement Class who could be identified through reasonable effort, were adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of Rules 23(c) and (e) and due process.

7. The Alliance/Great Lakes Settlement Agreement with the Alliance/Great Lakes Class Settling Defendants is fair, reasonable and adequate and in the best interests of the Alliance/Great Lakes Settlement Class, and is approved in all respects. The Court hereby directs the Plaintiff, the Alliance/Great Lakes Settlement Class, Class Counsel, the Alliance/Great Lakes Class Settling Defendants, Alliance/Great Lakes Class Settling Defendants' counsel, Alliance/Great Lakes Releasors and Alliance/Great Lakes Released Parties to effectuate the Settlement according to its terms.

8. The certification of the Alliance/Great Lakes Settlement Class, under Rules 23(a), (b)(3) and (e), for purposes of effectuating the Alliance/Great Lakes Settlement, is hereby confirmed.

9. Upon the occurrence of the Effective Date of the Alliance/Great Lakes Settlement, the Released Parties, and each of them, are completely released, acquitted, and forever discharged by Plaintiff and each member of the Alliance/Great Lakes Settlement Class from any and all claims, demands, actions, suits and causes of action at law or in equity, or pursuant to statute, whether known or unknown, whether fraudulently concealed or otherwise concealed, or whether the damages or injury have fully accrued or will accrue in the future, whether class, individual or otherwise in nature, that Releasors, or any of them, ever had, now have, or hereafter can, shall, or may have on account of, or related to, or arising out of or resulting from conduct, including but not limited to any conduct or action or inaction related to or arising out of any alleged conspiracy, combination or agreement concerning directly or indirectly the pricing, selling, discounting, marketing, manufacturing, or distributing of Ready-Mix Concrete in or from the Great Lakes Plants or the Alliance Plants during the Class Period, including but not limited to any conduct alleged, and causes of action asserted, or that could have been alleged or asserted, in the Complaint filed in the Action or any amendment thereto, which arise under any federal or state antitrust or anticompetitive statute, law, rule, regulation, or common law doctrine, whether pursuant to a conspiracy or otherwise, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. §§ 1 *et seq.,* and the Iowa Competition Law, I.C.A. §§ 553.1 *et seq.* (collectively herein "Released Claims"), provided, however, that Released Claims (i) does not include claims not related to the foregoing antitrust or anticompetitive claims, such as claims for personal injury, wrongful death, product defect or breach of contract claims between buyers and sellers of Ready-Mix Concrete; (ii) does not include claims based upon the indirect purchase of Ready-Mix Concrete; and (iii) only includes claims related to sales of Ready-Mix Concrete from the Great Lakes Plants and the Alliance

Plants during the Class Period. No other Defendant in the above-captioned Action is released from any claim of any kind whatsoever as a result of the Settlement, the Court's approval of the Settlement or the entry of this Order and Judgment.

10. As to the Alliance/Great Lakes Class Settling Defendants but not as to any Other Defendant, the claims asserted by the Alliance/Great Lakes Settlement Class in the above-captioned Action are hereby dismissed with prejudice and, except as provided for in the Alliance/Great Lakes Settlement Agreement, without costs.

11. Any claims against Plaintiff or its counsel arising out of, relating to or in connection with the Action as against the Alliance/Great Lakes Class Settling Defendants are hereby released by the Released Parties and their counsel.

12. The Court hereby reserves its exclusive, general, and continuing jurisdiction over the Plaintiff, the Alliance/Great Lakes Settlement Class, Class Counsel, the Alliance/Great Lakes Class Settling Defendants, Alliance/Great Lakes Class Settling Defendants' counsel, Releasors and Released Parties as needed or appropriate in order to administer, supervise, implement, interpret, or enforce the Settlement in accordance with its terms, including the investment, conservation, protection of settlement funds prior to distribution, and distribution of settlement funds.

13. Pursuant to Federal Rule of Civil Procedure 54(b), the Court finds there is no just reason for delay and therefore directs entry of this Final Judgment.

SO ORDERED.

Date: _____ _____
The Honorable Mark W. Bennett, Judge
United States District Court,
Northern District of Iowa