IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| IN RE: IOWA READY-MIX CONCRETE ANTITRUST LITIGATION | No. C 10-4038-MWB (CONSOLIDATED CASES) <br><br> MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFFS' UNOPPOSED MOTION FOR AN AWARD OF ATTORNEYS' FEES, THE REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS FOR CLASS REPRESENTATIVES |

_____

At first blush, a plaintiffs' attorneys' fee motion seeking more than $6 million—in thirteen consolidated class action antitrust lawsuits that have been on file for only slightly more than a year (and where the plaintiffs soundly lost the only major motion filed, a *Twom-Bal*[1] motion to dismiss)—might read more like a ubiquitous Nigerian e-mail scam than the highly meritorious motion it has turned out to be.

This consolidated class action case, arising from price-fixing conspiracies in the concrete industry, has come to a close more rapidly than I could have ever anticipated. The parties have reached three settlement agreements, which I approved after a fairness hearing on November 1, 2011 (docket nos. 303, 304, 305). The defendants agreed to pay a total settlement sum of $18.5 million, comprised of three settlement funds of $10,730,335.00, $5,121,412.00, and $2,648,253.00. Before me now is the plaintiffs' unopposed Motion For An Award Of Attorneys' Fees, The Reimbursement Of Expenses,

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

And Incentive Awards For Class Representatives (docket no. 286), in which Class Counsel request payment of $6,166,666.67[2] as attorneys' fees; $911,445.92 to reimburse expenses; and $10,000.00 to each named plaintiff as a class representative incentive payment.

## *I. ATTORNEYS' FEES*

District courts have broad discretion in determining appropriate attorneys' fees following a class action settlement. *See In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002). The United States Supreme Court has held that lawyers who recover a "common fund" are entitled to reasonable attorneys' fees from the fund they created. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("[T]his Court has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."). As to the appropriate method for determining fees after a class action settlement, "[i]t is well established in [the Eighth] Circuit that a district court may use the 'percentage of the fund' methodology to evaluate attorney fees in a common-fund settlement." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999); *accord In re U.S. Bancorp Litig.*, 291 F.3d at 1038 ("We have approved the percentage-of-recovery methodology to evaluate attorneys' fees in a common-fund settlement such as this . . . ."). The Eighth Circuit Court of Appeals "has not established a 'benchmark' percentage that the court should presume to be reasonable in a common fund case." *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 992 n.7 (D. Minn. 2005). However, "courts in this circuit . . . have frequently awarded attorney fees between

---

[2] Class Counsel request attorneys' fees of $6,166,667.00 in their Motion For Fees (docket no. 286). However, in their proposed Order emailed to me, they request $6,166,666.67. Because $6,166,666.67 more precisely approximates one-third of the common settlement fund of $18.5 million, I treat their requested fees as $6,166,666.67.

2

twenty-five and thirty-six percent of a common fund in other class actions." *See id.* at 998 (citing cases); *see also In re U.S. Bancorp Litigation*, 291 F.3d at 1038 (affirming district court's award of 36% of the common settlement fund as attorneys' fees).

Although the Eighth Circuit Court of Appeals "has not formally established fee-evaluation factors, . . . it has approved consideration of the twelve factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 719–20 (5th Cir. 1974)." *See Zilhaver v. UnitedHealth Grp., Inc.*, 646 F. Supp. 2d 1075, 1082 (D. Minn. 2009) (citing *Easley v. Anheuser-Busch, Inc.*, 758 F.2d 251, 265 (8th Cir. 1985); *Allen v. Amalgamated Transit Union*, 554 F.2d 876, 884 (8th Cir. 1977)); *see also Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, 944 (8th Cir. 2007) (affirming district court's application of the *Johnson* factors); *In re Texas Prison Litig.*, 191 F.R.D. 164, 177 (W.D. Mo. 1999) (applying *Johnson* factors to evaluate a percentage-of-the-fund fee award). The *Johnson* factors for evaluating attorneys' fees include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the attorney's preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Allen*, 475 F.3d at 944 n. 3 (citing *Johnson*, 488 F.2d at 717-19).

I have considered the plaintiffs' Motion For Fees and the materials submitted in support, including their brief; the Declaration of Irwin Levin, co-lead Class Counsel; a report of hours from Class Counsel and supporting firms and their lodestar; and the presentations by the parties during the fairness hearing on November 1, 2011. Applying the *Johnson* factors, I find that the attorneys' fees request of one-third of the common

fund, or $6,166,666.67, is actually quite modest, given the exceptional results in this case. The combined settlement fund of $18.5 million is sufficient to repay completely each class member's actual overcharge damages, as calculated by the plaintiffs' expert, even after fees and costs. To appreciate this feat, one need look no further than defense counsel William Pakalka, a veteran and highly regarded antitrust litigator from a premier national law firm, Fulbright & Jaworski, who remarked during the fairness hearing that it is "very unusual" in an antitrust class action for plaintiffs to receive "a hundred percent of the value" of their calculated damages. The $18.5 million sum is especially remarkable, given that the United States Department of Justice estimated that the total volume of commerce affected by the price fixing conspiracies was only $5,666,348.61. Class Counsel thus recovered overcharge damages for the class members in a sum more than three times greater than the United States Department of Justice's estimate of the total volume of commerce affected by the conspiracy.

Moreover, Class Counsel achieved these fabulous results with incredible efficiency. This case was filed only last year, and it presented particular complexities in proving the scope of the price fixing conspiracies and damages to class members. As defense counsel Mr. Pakalka noted, "This settlement is remarkable. . . . And it was not destined to be by any means." Nevertheless, through their extremely skilled and efficient efforts, Class Counsel marshaled sufficient evidence and achieved settlements that were highly favorable to the class members—all within a year and a half of the original case filing.

Despite their truly remarkable results, it is clear from Class Counsel's billing report that their lodestar of $4,933,057.25 was quite modest. I also am mindful that Class Counsel accepted this case on contingency (and thus cast their fate with the class members). Having considered the *Johnson* factors—particularly the exceptional results and efficiency of Class Counsel—I have determined that reasonable attorneys' fees here are

$6,666,666.67,[3] which increases the lodestar by a multiplier of 1.35. $6,666,666.67 represents 36.04% of the common fund of $18.5 million, which is reasonable compared to other awards in this circuit in class action cases. *See, e.g., In re U.S. Bancorp Litig.*, 291 F.3d at 1038 (affirming district court's award of 36% of the common settlement fund as attorneys' fees, where "class counsel . . . obtained significant monetary relief on behalf of the class"). I find that $6,666,666.67 is reasonable to compensate the attorneys for their outstanding work in this case. I leave the distribution of the requested sum of $6,166,666.67 to the sound discretion of co-lead Class Counsel Greg Hansel and Irwin Levin. Regarding the remaining $500,000.00, I direct that $200,000.00 be paid to Mr. Hansel's firm, Preti Flaherty; $200,000.00 to Mr. Levin's firm, Cohen & Malad; $33,333.33 to Shuttleworth & Ingersoll; $33,333.33 to the Goosmann Law Firm; and $33,333.34 to the Heidman Law Firm.

Nevertheless, while I laud Class Counsel for obtaining an excellent result with world-class efficiency, these settlements would not have been remotely possible without the highly experienced, skilled, and extraordinarily professional defense counsel in this case. Therefore, I am taking the unusual step of listing them here in the body of this opinion:

---

[3] This sum is an increase of $500,000.00 from the requested attorneys' fees of $6,166,666.67. Thus, I hope that Class Counsel can forgive me for shortchanging them thirty-three cents earlier in the opinion (when I treated their fee request as $6,166,666.67, rather than $6,166,667.00, as explained in footnote 2). Of course, I can understand if they begrudge me a little . . . the attorneys, if they are betting men and women, might remember from my September 2010 letter that they could have taken that thirty-three cents straight to Vegas to win big on the Easter Bunny's touchdown pass.

| **Defendant(s)** | **Law Firm** | **Lawyers** |
|---|---|---|
| GCC Alliance Concrete | Fulbright & Jaworski, L.L.P., in Houston, Texas | William Pakalka<br>Sumera Khan<br>Anne Rodgers<br>Don DeGabrielle |
| | Fulbright & Jaworski, L.L.P., in Minneapolis, Minnesota | Barbara D'Aquila |
| | Whitaker Hagenow GBMG in Des Moines, Iowa | Matthew Whitaker |
| Siouxland Concrete Company | Stinson, Morrison & Hecker, L.L.P., in Kansas City, Missouri | David Everson<br>Mark Foster<br>Misty Cooper Watt |
| | Stinson, Morrison, Hecker, L.L.P., in Omaha, Nebraska | Bryan Hatch |
| VS Holding Company | Nyemaster Goode Voigts West Hansell & O'Brien, P.C., in Des Moines, Iowa | Hayward Draper<br>Thomas Walton |
| | Crary Huff Inkster Sheehan Ringenberg Hartnett and Storm in Sioux City, Iowa | Daniel Hartnett |
| Great Lakes Concrete and Kent Stewart | Fraser Stryker, P.C. L.L.O., in Omaha, Nebraska | David Stubstad<br>David Mullin<br>Kelsey McChane<br>Mark Laughlin |
| Tri-State Ready-Mix and Chad Van Zee | Spencer, Fane, Britt & Browne, L.L.P., in Kansas City, Missouri | Mark Thornhill<br>Emily Taylor |
| | Spencer, Fane, Britt & Browne, L.L.P., in Omaha, Nebraska | Joshua Dickinson |
| Steven VandeBrake | Baron, Sar, Goodwin, Gill & Lohr in Sioux City, Iowa | Francis Goodwin |

| Defendant(s) | Law Firm | Lawyers |
|---|---|---|
| | Krieg DeVault, L.L.P., in Indianapolis, Indiana | Bryan Strawbridge<br>C. Joseph Russell<br>Thomas Costakis |

These exceptionally knowledgeable and sophisticated defense antitrust counsel provided their clients—from rural northwest Iowa small businessmen to an international conglomerate—with invaluable and insightful guidance and representation, sparing their clients likely treble damages, years upon years of litigation stress, and millions of dollars of litigation costs in the trial court and the Eighth Circuit Court of Appeals. They negotiated their way through numerous and seemingly insuperable hurdles. They are, to a lawyer, every bit as deserving as Class Counsel of this court's praise for their professionalism, candor, and zealous and knowledgeable advocacy.

## II. REIMBURSEMENT OF COSTS

Class Counsel also request reimbursement of $911,445.92 in litigation expenses. "Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit by the settlement." *Yarrington v. Solvay Pharm., Inc.*, 697 F. Supp. 2d 1057, 1067 (D. Minn. 2010) (citation and internal quotation marks omitted); *see also Zilhaver*, 646 F. Supp. 2d at 1084 ("The common fund doctrine provides that a private plaintiff, or plaintiff's attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim, is entitled to recover from the fund the cost of his litigation." (citation and internal quotation marks omitted)). Class Counsel and supporting firms report that they have incurred $911,445.92 in unreimbursed litigation-related expenses through July 31, 2011, including expert fees, computerized research fees, document and data management costs, travel and lodging expenses, copying costs, the cost of court reporters and

7

deposition transcripts, and filing fees. I find that the requested reimbursement of litigation expenses is reasonable, and that the expenses were necessary to achieve the settlement benefits now available to the class members. Thus, I order reimbursement of $911,445.92 in litigation expenses.

### *III. CLASS REPRESENTATIVE INCENTIVE AWARDS*

Lastly, Class Counsel request that each of the named class representatives be awarded the sum of $10,000.00 as an incentive fee. "Courts routinely recognize and approve incentive awards for class representatives . . . ." *Wineland v. Casey's General Stores, Inc.*, 267 F.R.D. 669, 677 (S.D. Iowa 2009); *see also In re U.S. Bancorp Litig.*, 291 F.3d at 1038 ("[R]elevant factors in deciding whether [an] incentive award to [a] named plaintiff is warranted include actions [the] plaintiff took to protect class's interests, [the] degree to which [the] class has benefitted from those actions, and [the] amount of time and effort [the] plaintiff expended in pursuing litigation." (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)); *Zilhaver*, 646 F. Supp. 2d at 1085 (approving incentive awards of $15,000.00 to named plaintiffs who "bore the risks of counterclaim or collateral attack, and consulted with class counsel throughout the suit").

The named plaintiffs in this case, Randy Waterman, Frank Audino Construction, Inc., Sioux City Engineering Co., the City of Le Mars, Iowa, Holtze Construction Company, and Brown Commercial Construction, Inc., have each made substantial contributions on behalf of settlement class members. Class Counsel report that each named plaintiff, through one or more representatives, has participated in multiple in-person and/or telephone conferences, including extensive meetings to prepare discovery responses; that each named plaintiff has provided answers to interrogatories, has reviewed their current and archived records, has produced documents responsive to requests, and has allowed Class Counsel's consultants to access their computer systems and servers and download

data for production; that some of the plaintiffs have conferred by phone with the plaintiffs' expert; and that at least two named plaintiffs appeared personally during the mediation process.

I find that each named plaintiff has provided invaluable assistance and demonstrated an ongoing commitment to protecting the interests of class members. The requested incentive award for each named plaintiff recognizes this commitment and the benefits secured for other class members, and is thus reasonable under the circumstances of this case. I therefore award a class representative incentive fee of $10,000.00 each to named plaintiffs Randy Waterman, Frank Audino Construction, Inc., Sioux City Engineering Co., the City of Le Mars, Iowa, Holtze Construction Company, and Brown Commercial Construction, Inc.

## IV. CONCLUSION

This case is a model for the nation that class actions can, indeed, work exactly as Congress and the federal courts intended—though they so rarely do. And while I would like to take some credit, even a scintilla of it, for the über-efficient way that this case proceeded from filing to settlement, that would be a fraud. Against all conventional wisdom that federal trial court judges must be very aggressive, hands-on case managers, I—after a modest nudge at our first conference—simply got out of the way of these superb lawyers and let them practice their craft, precisely the way it is intended. They placed their clients' best interests light years ahead of their own, which is exactly the way the practice of law is *supposed* to work, but, as we all know, so seldom does, especially in class actions.

In more than thirty-six years of lawyering and judging, I have never been prouder to be a lawyer/judge than when I observed the lawyers in this case plying their chosen craft. This case has been to me what it was like when I stood before da Vinci's *Mona Lisa*

and Michelangelo's *David*, observing the great masters' works. I was overcome with a rare and gargantuan sense of awe that will likely last a lifetime.

THEREFORE, the plaintiffs' unopposed Motion For An Award Of Attorneys' Fees, The Reimbursement Of Expenses, And Incentive Awards For Class Representatives (docket no. 286) is **granted**. I order payment of fees, expenses, and incentive awards, as follows:

1. Class Counsel and supporting lawyers and firms are awarded **$6,666,666.67** in attorneys' fees for their efforts in this case, to be paid from the three settlement funds in amounts proportionate to each settlement fund's relationship to the combined total of $18.5 million. The award of attorneys' fees shall be paid to Class Counsel from each settlement fund after the effective date for the settlement creating such fund. To the extent that any payments into the settlement funds are to be made by the defendants in installments after the effective date, the attorneys' fees attributable to such installments shall be made to Class Counsel after any such installment is paid. I direct co-lead Class Counsel Greg Hansel and Irwin Levin to distribute the requested sum of $6,166,666.67. Regarding the remaining $500,000.00, I order that $200,000.00 be paid to Mr. Hansel's firm, Preti Flaherty; $200,000.00 to Mr. Levin's firm, Cohen & Malad; $33,333.33 to Shuttleworth & Ingersoll; $33,333.33 to the Goosmann Law Firm; and $33,333.34 to the Heidman Law Firm.

2. Class Counsel and supporting lawyers and firms are awarded **$911,445.92** as reimbursement for litigation expenses, to be paid from the three settlement funds in amounts proportionate to each settlement fund's relationship to the combined total of $18.5 million. The award of litigation expenses shall be paid to Class Counsel from each settlement fund after the effective date for the settlement creating such fund.

3. The named plaintiffs Randy Waterman, Frank Audino Construction, Inc., Sioux City Engineering Co., the City of Le Mars, Iowa, Holtze Construction Company, and

Brown Commercial Construction, Inc. are **each awarded** an individual class representative incentive fee of **$10,000.00**. Each incentive award shall be paid, and split in equal amounts as necessary, from the settlement fund or funds for which the named plaintiff has been designated a class representative, after the effective date for the settlement creating such fund.

I reserve exclusive, general, and continuing jurisdiction over the settlement classes and Class Counsel, as needed or appropriate, in order to resolve any disputes that may arise over the distribution of attorneys' fees.

**IT IS SO ORDERED.**

**DATED** this 9th day of November, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA